Case 4:19-cv-04813   Document 36   Filed on 01/12/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER EUSTICE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4813 |
| | § | |
| **BAKER HUGHES,** | § | |
| *a GE Company, LLC*, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] are Defendant's Motion to Dismiss under Rule 41 for failure to prosecute and Plaintiff's Motion for ECF eFiling Access. (Dkt. Nos. 33, 35.) Based on a thorough review of the motions, procedural history, and relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**, Plaintiff's Motion for ECF eFiling Access be **DENIED AS MOOT**, and the case be **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND

Plaintiff Christopher Eustice ("Plaintiff") filed this *pro se* lawsuit in the 189th Judicial District of Harris County, Texas on October 30, 2019, alleging Defendant Baker Hughes ("Defendant") discriminated against him in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Texas Labor Code. (Dkt. No. 1-1.) Defendant removed the case to federal court on December 11, 2019 under 28 U.S.C. §§ 1331 and 1367 based on federal question and supplemental jurisdiction. (Dkt. No. 1.) Plaintiff subsequently amended his complaint, and Defendant filed a Motion for Judgment on the Pleadings based on Plaintiff's failure to timely

---

[1] The undersigned Magistrate Judge was assigned to this case on July 10, 2020 pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.

exhaust administrative remedies. (Dkt. Nos. 16–17.) The Court issued a Memorandum and Recommendation on September 21, 2020 finding Plaintiff's Rehabilitation Act claims and ADA discrimination claim should survive and recommending dismissal of all other claims. (Dkt. No. 23.) The District Judge adopted the Memorandum and Recommendation in full on January 7, 2021. (Dkt. No. 26.)

The original deadline to complete discovery was December 1, 2020. (Dkt. No. 10.) In order to comply with this deadline, Defendant served Plaintiff with its First Set of Interrogatories and First Set of Requests for Production on September 17, 2020. (Dkt. No. 33-1.) Plaintiff responded that he "generally object[ed]" and that he would need an extension of time to voluntarily respond to the requests. (Dkt. No. 33-2.) The parties negotiated several extensions between themselves and asked the Court to officially extend the discovery deadline to February 1, 2021, which the Court granted. (Dkt. Nos. 24–25, 33-3.) Plaintiff again failed to meet this deadline and the Court conducted a discovery hearing on March 11, 2021. (Dkt. No. 29.) The Court ordered Plaintiff to respond to the First Set of Interrogatories and First Set of Requests for Production by March 25, 2021 and stated no extensions would be granted. (*Id.*) The Court also directed parties to select a date before May 1, 2021 for Plaintiff's deposition. (*Id.*) Finally, the Court allowed Plaintiff to file a motion for extension of time to conduct his own discovery and subsequently extended that deadline to July 26, 2021. (Dkt. Nos. 30, 32.) The Court warned Plaintiff that no further extensions would be given. (Dkt. No. 32.)

According to Defendant, Plaintiff did not adequately respond to its discovery requests by the March 25, 2021 deadline and ultimately did so only upon Defendant's further requests. (Dkt. No. 33 at 7–8.) Plaintiff also canceled his video deposition that parties had scheduled for April 29, 2021 and did not respond to Defendant's attempts to reschedule. (*See id.* at 6 (stating Plaintiff had

not yet responded to Defendant's request to reschedule the deposition); Dkt. No. 34 at 1 (stating Plaintiff had not engaged in the litigation since he filed the motion for extension of time in March 2021).) There is no indication from either party that Plaintiff's deposition was ever taken or that any progress in discovery has been made.

On May 6, 2021, Defendant filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Dkt. No. 33.) Defendant argues the case should be dismissed with prejudice because Plaintiff has continuously delayed discovery and failed to comply with the Court's order requiring Plaintiff to sit for his deposition by May 1, 2021. (*Id.* at 6–11.) Defendant also identifies other cases in which courts have admonished Plaintiff for his litigation conduct, including one in the Southern District of Texas where the court deemed Plaintiff a vexatious litigant and forbade him from filing anything without prior court approval. (Dkt. No. 34-1; *see also* Dkt. No. 34-2 (recommending dismissal with prejudice and sanctions due to Plaintiff's conduct in the Middle District of Louisiana).)

Plaintiff did not respond to Defendant's motion. Plaintiff did, however, file a motion for eFiling access several months later on October 6, 2021. (Dkt. No. 35.) Plaintiff argues he should be given permission to electronically file documents in this case in order to stop the spread of COVID-19 in the Houston area, asserting that even submissions by mail could expose court clerks and mail carriers to the disease. (*Id.*) Plaintiff also states that he has trouble filing documents in a timely manner using regular mail. (*Id.*) Plaintiff does not dispute any of the facts or arguments laid out in Defendant's motion to dismiss. (*See id.*) Because Plaintiff has demonstrated a pattern of disobeying court orders and delaying discovery without any meaningful progress, the Court finds it appropriate to dismiss the case with prejudice.

## II.     LEGAL STANDARDS UNDER RULE 41

Rule 41(b) allows courts to dismiss claims for failure to prosecute or failure to comply with a court order. FED. R. CIV. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotations omitted). However, dismissal with prejudice under Rule 41(b) is an extreme sanction and thus courts are limited in their discretion to do so. *Id.* The Fifth Circuit will affirm a dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution." *Id.*; *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Further, in most cases, the Fifth Circuit requires at least one of three aggravating factors to be present: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

"The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Daniel v. Hoya Optical*, No. 19-CV-1740, 2019 WL 5597773, at *1 (N.D. Tex. Sept. 26, 2019) (quotations and alterations omitted), *report and recommendation adopted*, 2019 WL 5595347 (Oct. 29, 2019). In other words, "regardless of whether an individual represents himself, all parties have the responsibility to comply with court orders," and the court may dismiss even a *pro se* party's claims with prejudice for failure to prosecute. *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017). "[A] District Court may dismiss a complaint for failure to prosecute . . . without affording notice of its intention to do so or providing an adversary hearing before acting." *Price*, 792 F.2d at 475 (quotations omitted).

### III. THE CASE SHOULD BE DISMISSED WITH PREJUDICE

The requirements for dismissal with prejudice under Rule 41(b) are clearly met here. As to the two primary requirements of delay and futility of lesser sanctions, Plaintiff has consistently failed to participate in discovery and comply with related Court orders. Plaintiff made numerous requests to Defendants to extend his discovery response time, which then required the Court to extend the discovery deadline from December 1, 2020 to February 1, 2021. (Dkt. Nos. 24–25, 33-3.) Plaintiff still did not participate, and the Court found it necessary to hold a hearing on March 11, 2021. (Dkt. No. 29.) The Court gave Plaintiff a further extension to respond to Defendant's discovery requests, but Plaintiff did not do so in a timely and adequate manner. (*Id.*; Dkt. No. 33 at 7–8.) The Court also ordered parties to conduct Plaintiff's deposition by May 1, 2021, but Plaintiff canceled at the last minute and did not respond to Defendant's attempts to reschedule. (Dkt. No. 29; Dkt. No. 33 at 6.) Finally, the Court gave Plaintiff an extension of time to conduct his own discovery, but it appears he has not done so. (Dkt. No. 32.) This pattern of delay has been occurring for over a year, at the very least.

Moreover, Plaintiff failed to respond to Defendant's motion to dismiss. Plaintiff instead filed his own motion—more than four months after his response was due—seeking permission to file documents electronically. (Dkt. No. 35.) Plaintiff could have taken this opportunity to at least address Defendant's arguments and oppose dismissal of his case, but he chose not to do so. And the very fact that Plaintiff filed a document with the Court demonstrates that he *can* do so, either by mail or in person, despite any preference otherwise. As explained below, Plaintiff has extensive litigation experience and the Court can only interpret his repeated failure to participate in this case as purposeful. Any sanction less than dismissal with prejudice would not prompt diligent prosecution or serve the interests of justice. *See, e.g.*, *Pegues v. PGW Auto Glass, L.L.C.*, 451 F.

App'x 417, 418 (5th Cir. 2011) (finding clear record of delay and futility of lesser sanctions when plaintiff persistently refused to have his deposition taken); *Fraser v. O'Connor*, No. 11-CV-3890, 2016 WL 4159753, at *3 (S.D. Tex. Aug. 4, 2016) (finding clear record of delay and futility of lesser sanctions when plaintiffs failed to meaningfully participate in the case and demonstrated a "complete lack of responsiveness" to discovery and dispositive motions).

As to aggravating factors, all three are present in this case. First, delay was caused solely by Plaintiff rather than counsel, as Plaintiff is proceeding *pro se*. Second, Defendant has suffered actual prejudice because it expended time and resources attempting to conduct discovery and has ultimately been unable to convince Plaintiff to sit for his deposition, a potentially key component of any merits disposition in this case. Third, Plaintiff's conduct can be characterized as nothing other than intentional given his pattern of excuses, outright disregard for court orders, and decision not to respond to Defendant's motion. There are more than enough aggravating factors to warrant dismissal with prejudice. *See, e.g.*, *Pegues*, 451 F. App'x at 418 (affirming district court's finding that *pro se* plaintiff was to blame for delay and that defendant was prejudiced by its inability to depose plaintiff in preparation for trial); *Romero*, 320 F.R.D. at 42 (finding all three aggravating factors present when *pro se* plaintiff refused to participate in discovery and intentionally failed to communicate with the court).

These findings are confirmed by Plaintiff's conduct in other cases. Plaintiff has filed over twenty lawsuits in the past six years and numerous judges have admonished him for his litigation conduct. *See, e.g.*, *Eustice v. Citibank, N.A.*, No. 21-CV-1414, Dkt. No. 8 at 2 (S.D. Tex. May 26, 2021) (determining Plaintiff is a vexatious litigant that "has maliciously imposed unnecessary costs on the judicial system and the defendants he has sued"); *Eustice v. JPMorgan Chase & Co.*, No. 19-CV-1489, 2020 WL 5541084, at *1 (S.D. Tex. Aug. 10, 2020) (recognizing Plaintiff to be

a frequent litigant that is undeterred by his lack of success and describing the numerous other lawsuits Plaintiff has filed in this district alone); *Eustice v. La. ex rel. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 18-CV-1008, 2020 WL 3520298, at *9–11 (M.D. La. June 29, 2020) (dismissing Plaintiff's lawsuit with prejudice due to his vulgar litigation conduct and enjoining Plaintiff from filing additional lawsuits in the district without prior court approval), *report and recommendation adopted*, 2020 WL 3966320 (July 13, 2020).

In fact, another court in this District recently dismissed one of Plaintiff's cases for failure to prosecute. *See Eustice v. Experian Info. Sols., Inc.*, No. 20-CV-1824, 2021 WL 4139154, at *1 (S.D. Tex. Aug. 21, 2021), *report and recommendation adopted*, 2021 WL 4138407 (Sept. 9, 2021). Plaintiff in that case did not participate in discovery or comply with related court orders, avoided his deposition, and did not respond to defendant's dispositive motion. *Id.* at *1–2. The court found Plaintiff engaged in intentional delay and any sanctions other than dismissal with prejudice would be futile. *Id.* at *2. The court also found all three aggravating factors that justify dismissal with prejudice were present. *Id.* Plaintiff's conduct in this case is likewise intentional, dilatory, and sanctionable. The case should be dismissed with prejudice.[2]

The Court, therefore, need not address the merits of Plaintiff's motion for eFiling access. However, it appears Plaintiff was given such access by the previous Magistrate Judge in this case. (Dkt. No. 15.) To the extent Plaintiff requests further or continuing permission at this time, the request should be denied. *See Eustice v. Trans Union, LLC*, No. 20-CV-1887, 2021 WL 5417380, at *1 (S.D. Tex. Nov. 19, 2021) (denying Plaintiff's motion for electronic filing access because of his history of abusive filings, among other reasons).

---

[2] Defendant, in passing, requests costs and attorney's fees. (Dkt. No. 33 at 11; Dkt. No. 34 at 3.) However, Defendant fails to identify the amount of its request or the legal basis for such sanctions. The Court does not recommend awarding costs and fees at this time.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Dkt. No. 33) be **GRANTED** and Plaintiff's Motion for ECF eFiling Access (Dkt. No. 35) be **DENIED AS MOOT**. The Court further **RECOMMENDS** the case be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 12, 2022.

Sam S. Sheldon
United States Magistrate Judge